IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Wilkes-Barre)

| | | |
|---|---|---|
| IN RE: | : | |
| FELICIA HERNANDEZ | : | BK. No. 5:18-bk-00676-RNO |
| Debtor | : | |
| | : | Chapter No. 13 |
| WELLS FARGO BANK, N.A. | : | |
| Movant | : | |
| v. | : | |
| FELICIA HERNANDEZ | : | |
| Respondent | : | |

## OBJECTION OF WELLS FARGO BANK, N.A. TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

Movant, **WELLS FARGO BANK, N.A.** (hereinafter referred to as "Movant"), by its attorneys Phelan Hallinan Diamond & Jones, LLP hereby objects to confirmation of the Debtor's Chapter 13 Plan as follows:

1. Movant is **WELLS FARGO BANK, N.A.**

2. Debtor, FELICIA HERNANDEZ, are the owners of the property located at 7565 EAGLE ROCK DRIVE, TOBYHANNA, PA 18466.

3. On March 20, 2018, Movant filed Proof of Claim listing a total debt in the amount of $97,872.27 and pre-petition arrears in the amount of $27,648.70. A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

4. Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

5. Debtor's Plan does not provide for payment of arrears to Movant. Instead, the Debtor's Plan seeks to cramdown Movant's valid secured lien to the value of $21,000.00. Movant does not agree to this value. A copy of Debtor's Plan is attached hereto as Exhibit "B" and made a part hereof.

6. Further, Movant takes the position that the subject property value far exceeds that amount being claimed by the Debtor.

7. Movant Objects to the Debtor's proposed Chapter 13 Plan as it provides zero evidence to substantiate the value listed in the Plan. Strict proof is demanded at trial.

8. Movant requests the opportunity to conduct an appraisal of the property and have a valuation hearing scheduled, if needed.

9. Movant objects to the interest rate listed by the Debtor in the amount of 5%. This rate is less than the Contractual Interest Rate of 6.5% and does not follow the allowed interest rate set forth in In re Till.

10. Confirmation of Debtor's proposed Plan should be denied.

WHEREFORE, **WELLS FARGO BANK, N.A.** respectfully requests that this Honorable Court deny confirmation of the Debtor's Chapter 13 Plan.

                                                                          Respectfully Submitted,

                                                                          <u>/s/ Thomas Song, Esquire</u>
                                                                          Thomas Song, Esq., Id. No.89834
                                                                          Phelan Hallinan Diamond & Jones, LLP
                                                                          1617 JFK Boulevard, Suite 1400
                                                                          One Penn Center Plaza
                                                                          Philadelphia, PA 19103
                                                                          Phone Number: 215-563-7000 Ext 31387
                                                                          Fax Number: 215-568-7616
                                                                          Email: Thomas.Song@phelanhallinan.com

# **Exhibit [B]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: FELICIA HERNANDEZ : CHAPTER 13
:
: CASE NO. 5:18-bk-00676-RNO
:
: X ORIGINAL PLAN
: ___ AMENDED PLAN
: ___ Motions to Avoid Liens
: ___ Motions to Value Collateral

# CHAPTER 13 PLAN

## NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☐ Not Included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

    1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $<u>100,000</u>, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (2/2018) | Month 3 (4/2018) | | | Total Paid to Date | $0.00 |
| Month 4 (5/2018) | Month 60 (1/2023) | $100 | | $100 | $5700 |
| | | | | Total Payments: | $5700 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $54,325.70. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   Check one of the following two lines.

   ☐ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

   ☒ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of **$20,000.00** from the sale of property known and designated as **6337 Ventnor Drive, Tobyhanna, PA 18466.** All sales shall be completed by April 30, 2019. If the property does not sell by the date specified, then the disposition of the property shall be as follows: price will be reduced and property will be re-listed for sale.

   In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of **$34,000.00** from the sale of property

known and designated as **<u>1343 Winding Way, Tobyhanna, PA 18466.</u>** All sales shall be completed by April 30, 2019. If the property does not sell by the date specified, then the disposition of the property shall be as follows: <u>price will be reduced and property will be re-listed for sale or Debtor shall modify the plan to pay the liquidation value over the remainder of the plan</u>.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____
   _____

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced.

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one*.

☒ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check one*.

☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at

the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage** | **7565 Eagle Rock Drive Tobyhanna, Pa** | **$20,000** | **5%** | **$21,000** | **Plan** |

**F. Surrender of Collateral**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

3. **PRIORITY CLAIMS.**

   **A. Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $**1,201.00** already paid by the Debtor, the amount of $2,799 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines*.

      ☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☒ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**


Dated: <u>March 29, 2018</u>                     <u>/s/ Patrick J. Best, Esq.</u>
                                                  Attorney for Debtor

                                                  <u>/s/ Felicia Hernandez</u>
                                                  Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.