IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Wilkes-Barre)

IN RE:
FELICIA HERNANDEZ
    Debtor

SPECIALIZED LOAN SERVICING
    Movant
    v.
FELICIA HERNANDEZ
    Respondent

BK. No. 5:18-bk-00676-RNO

Chapter No. 13

## STIPULATION AND ORDER IN SETTLEMENT OF MOVANT'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**AND NOW**, this _____ day of _____, 2019, it is Stipulated and Agreed by the parties to this litigation, by and through their respective attorneys, Patrick James Best, Esquire on behalf of **Felicia Hernandez**, and Mario J. Hanyon, Esquire of Phelan Hallinan Diamond & Jones, LLP on behalf of **SPECIALIZED LOAN SERVICING**, as follows:

**WHEREAS**, Felicia Hernandez is the Debtor in the above-captioned bankruptcy;

**WHEREAS**, Debtor is the owner of the Premises located at 7565 Eagle Rock Drive, Monroe County, Tobyhanna, Pennsylvania 18466-3555.

**WHEREAS, SPECIALIZED LOAN SERVICING,** is the holder of a secured lien on the Premises;

**WHEREAS**, Debtor's Chapter 13 Plan seeks to modify the Principal balance and Interest rate of the secured lien via the Debtor's Chapter 13 Plan;

**WHEREAS**, Respondent filed an Objection to the Confirmation of Debtor's Chapter 13 Plan;

**WHEREAS**, the parties desire to amicably resolve the Objection to Confirmation of Debtor's Objection to Plan.

**NOW THEREFORE**, the parties stipulate and agree as follows:

1. The Secured Creditor has filed a Secured Proof of claim on March 20, 2018 in the amount of $97,872.27. See Claim No. 2.

2. The Parties agree that the fair market value of the Subject Property is less than the Total Debt owed to the Secured Creditor at the time of the filing of the current bankruptcy case.

3. The Parties have agreed that for purposes of the instant Chapter 13 case the value of the property is $24,500.00.

4. The Parties agree that since the filing of the current bankruptcy case the Secured Creditor has disbursed $4,553.27 in escrow. This amount consists of the following disbursements:

| Date | Description | Amount |
|---|---|---|
| 4/11/2018 | CITY TAX | $496.41 |
| 9/10/2018 | SCHOOL TAX | $1,335.39 |
| 9/13/2018 | HAZARD INS. | $1,106.00 |
| 4/15/2019 | CITY TAX | $509.47 |
| 7/8/2019 | HAZARD INS. | $645.19 |
| 7/18/2019 | HAZARD INS. | $460.81 |

5. The Parties agree that the Escrow Advances listed above will be capitalized into the agreed fair market value to create a new loan with a principal balance of $29,053.27.

6. The Parties agree that the Secured Creditor will have a secured claim in the amount of $29,053.27.

7. The Interest Rate shall be reduced from 6.5% to 5.0%.

8. Debtor agrees to pay the secured claim amount of $29,053.27 at 5.0% fixed interest rate amortized over 60 months.

9. The total amount that Debtor shall repay the Creditor in the Chapter 13 Plan over the 60 months shall be $32,896.27.

10. The Debtor shall be responsible for all taxes and insurance for this Property. Debtor's failure to maintain taxes or insurance on the Property until the lien is paid in full and discharge is entered may result in Movant filing a motion for relief from stay.

11. All other terms of the Mortgage and Note not directly altered by this agreement will remain in full force and effect.

12. The parties agree that in the event that the Debtor's bankruptcy case is dismissed for any reason or Debtor fails to receive a non-hardship Chapter 13 discharge under 11 U.S.C. §1328(a), this stipulation will be void and of no effect.

13. <u>Chapter 7 Provision</u>. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, this stipulation will be void and of no effect.

14. Any sale, refinance or transfer of said property will require the loan to be paid in full per the contractual terms at origination unless notice and approval is received from the Court.

15. <u>Entire Agreement</u>. This Stipulation contains or expressly incorporates by reference the entire agreement of the parties and supersedes all prior negotiations. This Agreement shall not be modified or amended except by a written instrument executed by all parties

16. The parties agree that a facsimile signature shall be considered an original signature.

**IN WITNESS THEREOF** and intending to be a legally bound hereby, the parties to the above-captioned action, by their respective attorneys, each of whom has been expressly authorized to enter into this Stipulation of Settlement, set their signatures below.

Date: 11/19/2019

Mario J. Hanyon, Esquire
Counsel for Respondent

Date: 11/19/2019

Patrick James Best
Counsel for Debtor

Case 5:18-bk-00676-RNO    Doc 64    Filed 11/19/19    Entered 11/19/19 10:58:57    Desc
Main Document    Page 3 of 3